WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert M. Lane, | No. CV-15-01119-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Lucas E. Buckley, et al., | |
| Defendants. | |

Pending before the Court are the fully briefed Motion to Transfer, or in the Alternative, Motion to Dismiss (Doc. 7) and Lane Defendants' Motion to Transfer, or in the Alternative, Motion to Dismiss (Doc. 9). Because this Court lacks personal jurisdiction over all Defendants, the Motions to Transfer (Doc. 7 and Doc. 9) will be granted pursuant to 28 U.S.C. § 1631. The Court will transfer the case to the United States District Court for the District of Wyoming.

**Procedural History and Factual Background**

Plaintiff is a citizen of Nevada (Doc. 1-1 at 5). Plaintiff filed a pro se First Amended Complaint in Maricopa County Superior Court on May 11, 2015, alleging Breach of Fiduciary Duty, Fraud and Misrepresentation, Legal Malpractice, Conspiracy to Commit a Fraudulent Scheme, Rescission and Restitution, Fraudulent Transfers, and Breach of Contract Enforced by Third Party Beneficiary. (Doc. 1-1 at 2-27). No Defendant is a citizen of Arizona. (Doc. 1-1 at 5-7). By timely Notice of Removal filed June 17, 2015 pursuant to 28 U.S.C. § 1446(b), the case was removed to U.S. District

1 Court for the District of Arizona. (Doc. 1). All Defendants have been served. (Doc 1 and Doc. 6). All Defendants except Defendant DFWU, LLC have filed a responsive pleading.[1]

The District Court has original subject matter jurisdiction as Plaintiff seeks damages in excess of $75,000, and there is diversity of citizenship. *See* 28 U.S.C.A. § 1332(a)(1). However, moving Defendants request that the case be transferred to Wyoming because Arizona lacks personal jurisdiction over all appearing Defendants.

The case itself arises from a February 25, 2013 settlement reached as part of Plaintiff's Chapter 7 bankruptcy proceeding held in the United States Bankruptcy Court for the District of Wyoming. The bankruptcy trustee identified two trusts and a limited liability corporation wholly owned by one of the trusts as property of Plaintiff's bankruptcy estate. Assets of the trusts were turned over to the bankruptcy trustee pursuant to a settlement agreement reached, which Plaintiff references as the Turn Over Agreement. Plaintiff has filed his First Amended Complaint alleging that the trust assets should not have been turned over to the bankruptcy trustee.

Of significance to a determination of the pending motions is the fact that none of the parties are citizens of Arizona. In addition, none of the alleged settlement transactions giving rise to the First Amended Complaint occurred in Arizona. Nor were the Chapter 7 bankruptcy proceedings held in Arizona. In fact, none of the acts or omissions set forth in the First Amended Complaint allegedly giving rise to the Plaintiff's claims occurred in Arizona. The only reason Plaintiff has filed in Arizona appears to be because the two trusts which are not named parties to the action were allegedly domiciled in Arizona.

## **Discussion**

Pursuant to 28 U.S.C. § 1631, the District Court can transfer a civil case initiated

---

[1] Defendant DFWU, LLC is alleged to be a sham defendant or fraudulently joined. *See* Notice of Removal (Doc. 1 at 3). Plaintiff filed an Acceptance and Waiver of Service as manager for Defendant DFWU, LLC (Doc. 1-2 at 7-8), and Plaintiff states in the First Amended Complaint that Plaintiff is not asserting a claim against Defendant DFWU, LLC. (Doc. 1-1 at 6-7). DWFU, LLC is a Delaware Limited Liability Corporation. *Id.*

- 2 -

in one district to another if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the receiving court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice. *See Kolek v. Engen*, 869 F.2d 1281, 1284 (9th Cir. 1989).

The burden of proof for establishing jurisdiction lies with the Plaintiff. *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984), cert denied, 470 U.S. 1005 (1985). The Court finds, assuming as true all the material factual allegations set forth in Plaintiff's First Amended Complaint and foundationally sound facts set forth by affidavit, that Plaintiff has failed to meet his burden of proof regarding personal jurisdiction over the Defendants in Arizona.

The Court may exercise jurisdiction over a defendant in Arizona if the defendant is personally present in Arizona or if the defendant has "minimum contacts" with Arizona such that asserting jurisdiction satisfies due process and "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-318 (1945). The Court finds as to each appearing Defendant that Plaintiff has failed to prove minimum contacts with Arizona. Nor are any of the Defendants physically present in Arizona. The actions, omissions, and transactions giving rise to the lawsuit allegedly occurred in Wyoming. Plaintiff's claims arise from the Turn Over Agreement, which was entered into in Wyoming as part of a U.S. Bankruptcy Court proceeding and was approved by the Wyoming Bankruptcy Court. The Defendants never purposefully availed themselves of the privilege of conducting activity in Arizona such that they should "reasonably anticipate" being brought into court here. *See Burger King v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)). Plaintiff's causes of action do not arise out of any of the Defendants' alleged Arizona related activities such that Defendants are subject to specific jurisdiction. *See Doe v. Unocal Corp*, 248 F.3d 915, 923 (9th Cir. 2001). An exercise of specific jurisdiction by Arizona would not be reasonable. *Id*. Nor are any of the Defendants' activities in Arizona so "substantial, continuous and systemic" that the Court

could conclude the Defendants are subject to general jurisdiction on matters unrelated to Defendants' contacts with Arizona. *See Doe v. Unocal*, 248 F.3d at 923 (citing *Perkins v. Benquet Consolidated Mining Co.*, 341 U.S. 437-446 (1952)).

The Court further finds that the Wyoming District Court could have exercised jurisdiction at the time the case was filed. Defendants Lucas E. Buckley; Dray, Dyekman, Reed & Healey, P.C.; Gregory C. Dyekman; Hathaway and Kunz, P.C.; and Scott Meier, CPA, are all citizens of Wyoming. None of the Defendants share citizenship with the Plaintiff. Defendants Colleen Lane, Matthew Lane, and Patricia Lane are citizens of Connecticut, Illinois, and South Carolina, respectively. Therefore, Wyoming has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C.A. § 1332. In addition, a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in Wyoming. *Id*.

Finally, the Court concludes that transfer, rather than dismissal, is in the interests of justice. The Court notes that the Plaintiff appears pro se. To dismiss the case and require Plaintiff to re-file could prejudice Plaintiff. Dismissal is also time-consuming, expensive, and causes unnecessary delay. Though Plaintiff prefers to proceed in Arizona for the reasons set forth in his briefing, the Court finds that the interests of justice require the case to proceed in Wyoming. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962); *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001).

## Conclusion

**IT IS ORDERED** granting in part Motion to Transfer, or in the Alternative, Motion to Dismiss (Doc. 7). The Motion to Transfer is granted; the alternative Motion to Dismiss is denied.

**IT IS FURTHER ORDERED** granting in part Lane Defendants' Motion to Transfer, or in the Alternative, Motion to Dismiss (Doc. 9). The Motion to Transfer is granted; the alternative Motion to Dismiss is denied.

**IT IS ORDERED** transferring this case to the U.S. District Court for the District of Wyoming.

Because this Court finds that it has no jurisdiction over the Defendants, the Court takes no action on the following motions pending in the case: Plaintiff's Emergency Motion to Approve Preliminary Injunction to Preserve Plaintiff's Pension and IRA Monies (Doc. 27); Defendants' Motion to Extend Deadline to Respond to Plaintiff's Motion for Preliminary Injunction (Doc. 30); Lane Defendants' Notice of Joinder in Motion to Extend Deadline to Respond to Plaintiff's Motion for Preliminary Injunction (Doc. 33); and Plaintiff's Motion for Default Judgment against Defendants Colleen Lane and Patricia Lane to Approve Preliminary Injunction to Preserve Plaintiff's Pension and IRA Monies (Doc. 32).

Dated this 3rd day of September, 2015.

_____
Honorable Eileen S. Willett
United States Magistrate Judge